UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Reggie L. Kelley**, #13608-171 ) C/A No. **8:07-03859-HMH-BHH**<br>)<br>          Plaintiff, )<br>) REPORT AND RECOMMENDATION<br>v. ) FOR<br>) PARTIAL SUMMARY DISMISSAL<br>)<br>Sergeant Jarvis; Dr. Motyeka; Pamela )<br>Harmon, RN; Alvin S. Glenn Detention )<br>Center, )<br>)<br>          Defendants. )<br>_____ ) | |

Reggie L. Kelley (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[*] Plaintiff is a federal prisoner incarcerated at Pollock United States Penitentiary located in Pollock, Louisiana, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. In this complaint, Plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs, that treatment was intentionally delayed and denied, and that the defendants were negligent in his diagnosis and treatment. (Comp. at 2.) This alleged violation occurred while Plaintiff was confined at the Alvin S. Glenn Detention Center. (Pl.'s Aff. at 1 (Docket Entry # 1-2).)

Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton*

---

[*]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

As plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978)*; Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. at 5. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law. Therefore, a defendant in a § 1983 action must qualify as a "person."

Alvin S. Glenn Detention Center is a group of buildings or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. Alvin

S. Glenn Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Therefore, Alvin S. Glenn Detention Center is not a proper party defendant in this § 1983 action and should be dismissed.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint as to defendant Alvin S. Glenn Detention Center without prejudice and without issuance and service of process. See *Denton v. Hernandez*, 504 U.S. at 25; *Neizke v. Williams*, 490 U.S. at 324-25; *Haines V. Kerner*, 404 U.S. at 519; *Todd v. Baskerville*, 712 F.2d at 70; 28 U.S.C.§ 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Process shall issue for service of the remaining defendants.

                                              s/Bruce Howe Hendricks
                                              United States Magistrate Judge

December 10, 2007
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.*_**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).