IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Reggie L. Kelley, #13608-171, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 8:07-3859-HMH-BHH |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Sergeant Jarvis; Dr. Motyeka; Pamela ) | |
| Harmon, RN; Alvin S. Glenn Detention ) | |
| Center, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Reggie L. Kelley ("Kelley"), a federal prisoner proceeding pro se, alleges that the Defendants violated his civil rights under 42 U.S.C. § 1983 while he was confined at the Alvin S. Glenn Detention Center ("AGDC") in Columbia, South Carolina.  In her Report, Magistrate Judge Hendricks recommends dismissing Kelley's complaint as to defendant AGDC without prejudice and without issuance and service of process.

I. FACTUAL AND PROCEDURAL BACKGROUND

Kelley filed the instant § 1983 action on November 9, 2007.[2]  In his complaint, Kelley

---

[1]The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

[2]See Houston v. Lack, 487 U.S. 266 (1988).

1

alleges that "jail officials and Medicial [sic] officials likewise inflicted cruel and unusual punishemnt [sic] upon him by, . . . failing to provide medical treatment after the Plaintiff had sustained a neck and back injury while in transit on a van . . . ." (Compl. 2.) In addition, Kelley alleges that the medical care he did receive was inadequate. (Id.)

Magistrate Judge Hendricks entered her Report and Recommendation on December 10, 2007, recommending that the court dismiss Kelley's complaint as to defendant AGDC without prejudice and without issuance and service of process because it is not a "person" required by 42 U.S.C. § 1983. Kelley filed objections to the Report and Recommendation on January 2, 2008.[3]

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

In his objections, Kelley does not object to the Magistrate Judge's recommendation that the Alvin S. Detention Center be dismissed, but moves to substitute "the name of the 'person' who was over the Alvin S. Glenn Detention Center at the time the incidents occurred . . . ." (Objections 2.) The court construes this as a motion to amend the complaint.

---

[3]See id.

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." HCMF Corp. v. Allen, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted); see also Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir. 1978) (a pro se litigant is entitled to the opportunity to amend his pleadings if he has alleged a potentially meritorious cause of action).

Construing Kelley's motion to amend liberally, the court finds that granting Kelley's motion to amend would be futile. Kelley asserts no allegations in his complaint involving in any way the person "over" the AGDC. "[W]here, as here, money damages are sought pursuant to 42 U.S.C. § 1983, some personal involvement by the defendant is required; the doctrine of *respondeat superior* does not apply." Bursey v. Weatherford, 528 F.2d 483, 488 n.7 (4th Cir. 1975), rev'd on other grounds, 429 U.S. 545 (1977). Therefore, substituting the person "over" the AGDC as a defendant in the instant action would be futile.[4] Further, because Kelley has named the individuals personally involved in the alleged incidents, denying Kelley's motion to amend will not prejudice his potential recovery. See Gordon, 574 F.2d at 1150-1152 (holding that a plaintiff who erroneously named the Warden of the Maryland Penitentiary instead of the guards personally involved in the theft of his property should have been given leave to amend his complaint to substitute the guards for the warden because "district courts must be especially solicitous of civil rights plaintiffs"). As such, the court finds that the amendment of Kelley's

---

[4] For the same reason, even if the court were to grant Kelley's motion to amend, his complaint as to the person "over" the AGDC would be subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1).

complaint would be futile, and Kelley's motion to amend is denied. Otherwise, Kelley does not object to the Magistrate Judge's Report and Recommendation. Therefore, after a thorough review of the Report and the record in this case, the court adopts Magistrate Judge Hendricks's Report and Recommendation.

Therefore, it is

**ORDERED** that Kelley's motion to amend is denied. It is further

**ORDERED** that Kelley's complaint is dismissed with respect to defendant Alvin S. Glenn Detention Center without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
January 9, 2008

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.